UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHIEI INTEC CO., LTD., <br><br> Applicant, | CASE NO. 2:23-mc-00066-JHC <br><br> ORDER GRANTING EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782 |

# I

## INTRODUCTION

This matter comes before the Court on Applicant Nichiei Intec Co., Ltd.'s ex parte application for an order pursuant to 28 U.S.C. § 1782 permitting discovery for use in a foreign proceeding. Dkt. # 1. The Court has considered the application, Applicant's memorandum in support of the application, and the applicable law. Being fully advised, for the reasons below, the Court GRANTS in part the application.

# II

## BACKGROUND

Applicant seeks ex parte an order permitting discovery from Amazon Services International LLC ("Amazon") and Amazon.com Services LLC ("Amazon.com") (collectively, "Witnesses") for use in a Japanese legal proceeding. Dkt. # 1 at 1. Applicant seeks to serve identical subpoenas on each of the Witnesses. *Id.*, Dkt. # 1-2. The subpoenas request

ORDER GRANTING EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782 - 1

information relating to accounts on both Amazon and Amazon.com by a user ("User").  Dkt. # 1 at 1.  The User allegedly wrote and/or sells the electronic book entitled "Black Kigyo De Nanigawarui – Nichiei Intec Takahashi Yoshiharu No Ketsui (Nichiei Nonfiction)"[1]  through the Amazon.co.jp platform, Kindle.  *Id.* at 2.  Applicant asserts that the electronic book "used and produced the photograph of Yoshiharu Takahashi, chief executive officer of Applicant, […] copyright of which is owned by the Applicant" and lists the author of the electronic book as Yoshiharu Takahashi.  *Id.*

Applicant intends to bring a lawsuit in Japan against the User for copyright infringement under Japanese law as soon as the identity of the User is determined.  Dkt. # 1 at 3; Dkt. # 1-1 at 2.  To identify the User for the intended Japanese legal proceeding, Applicant seeks information relating to the Witnesses accounts associated with the User, "including names, addresses, telephone numbers, email addresses, and IP addresses used and registered by the [User] with their Witnesses' accounts on the most recent date and at the time each of their payment was made to Witnesses for the services provided in connection the [electronic book]."  Dkt. # 1 at 3.

The subpoenas define "Document" as synonymous and equal in scope to "documents or electronically stored information" in the Federal Rules of Civil Procedure 34(a)(1)(A).  Dkt. # 1-2 at 7, 13.  They also define "Account 1"as "any and all types of accounts registered with Amazon.com Services LLC ("Amazon.com")" or "any and all types of accounts registered with Amazon Services International LLC ("Amazon") … "relating to and/or associated with the author named "高橋 善晴" of the electronic book entitled "ブラック企業で何が悪い -日栄イ

---

[1] "English translation: 'What's Wrong to Be a Black Company – Nichiei Intec Yoshiharu Takahashi's Determination – (Nichiei Nonfiction) Kindle Edition' (A 'Black Company' in Japanese refers to a company that exploits employees.)"  Dkt. # 1 at 2 n.3.

ORDER GRANTING EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782 - 2

ンテック 高橋善晴の決意- (日栄 ノンフィクション)[.]" *Id.* Finally, the subpoenas define

"Account 1-1" as

> any and all types of accounts registered with Amazon.com relating to and/or associated with any Person who sells the Infringing Book, including but not limited to, Seller account and Kindle Direct Publishing account. 'Person' shall mean any individual, firm, partnership, corporation, limited liability company, association, trust, unincorporated organization or other entity, including any successor (by merger or otherwise) of such entity.

*Id.* at 7, 13–14. The subpoenas request five categories of documents:

1. All DOCUMENTS showing the most recent information identifying the user registered with each of ALL ACCOUNTS, including but not limited to: all names, account names, container name, target platform, telephone numbers, addresses (including postal codes and primary, mailing and billing addresses, telephone numbers, postal codes and/or addresses used for verification), email addresses (including email addresses used for recovery or other purposes), time zone, currency, and language.

2. All DOCUMENTS showing (a) all names, telephone numbers, and mailing and billing addresses of each of all of the payment methods (including credit cards and bank accounts) registered with each of ALL ACCOUNTS and (b) the type of the payment method and the name of the company or financial institution associated with such payment method registered with each of ALL ACCOUNTS.

3. All DOCUMENTS showing access log (including dates, times, IP addresses, and access type) of each of ALL ACCOUNTS during the last three months from and including the date the last access log was recorded in response to this subpoena.

4. All DOCUMENTS showing the number of the Infringing Book sold, including but not limited to KDP Report.

5. All DOCUMENTS showing the royalties earned by sales of the Infringing Book, including but not limited to KDP Report.

*Id.* at 8, 14.

# III

## DISCUSSION

### A.     Legal Standards

Under 28 U.S.C. § 1782, a district court may order a person who resides or is found in its district to "give [their] testimony or statement or to produce a document or other thing for use" in a foreign legal proceeding. 28 U.S.C. § 1782(a). Three statutory requirements apply: (1) the request is made "by a foreign or international tribunal" or "any interested person"; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made. *Id.*

Even if a discovery application meets the statutory requirements, a district court retains the discretion to deny it. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) ("[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."); see *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015) (noting that district courts have broad discretion when ruling on a § 1782 application, and courts are "not required to address explicitly every factor or argument" advanced by counsel). In its exercise of discretion, a district court may consider four non-exclusive factors: (1) whether the application seeks discovery from a party that "is a participant in the foreign proceeding[;]" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance[;]" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions" or a foreign country's policies; and (4) whether the request is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 264–65.

B.      Statutory Requirements

First, the request is made by Applicant. Dkt. # 1. Applicant is an "interested person" as they will be the plaintiff in the anticipated litigation in Japan. *Id.* at 5; *Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782[.]") (internal quotation marks and brackets omitted). Therefore, the application to seek discovery under 28 U.S.C. § 1782 is made by "any interested party."

Second, if a § 1782(a) request is made when there is no pending proceeding, as is the case here, the proceeding must be "likely to occur" or be "within reasonable contemplation." *Intel Corp.*, 542 U.S. at 258–59. Here, Applicant has retained Japanese counsel to pursue its civil lawsuit once the User's identity is discovered. Dkt. 1-1 at 1. Counsel confirms Applicant's intent to file the civil lawsuit and provides specific articles of the Japanese Copyright Act under which suit will be filed. *Id.* at 2. The Court is satisfied that the foreign civil suit is likely to occur and is a proceeding within reasonable contemplation. *See, e.g.*, *In re Omori*, No. 5:23-mc-80195-EJD, 2023 WL 5957172, at *2 (N.D. Cal. Sept. 12, 2023) (finding a proceeding was "likely to occur" or "within reasonable contemplation" when the Applicant had hired foreign counsel, counsel had corroborated Applicant's intent to file suit, and counsel provided specific articles under which the suit was intended to be brought).

Third, the Applicant satisfies the residency requirement because Amazon and Amazon.com reside in this district. Dkt. # 1 at 4.

Therefore, the requirements of § 1782 are met here.

ORDER GRANTING EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782 - 5

### C. Discretionary *Intel* Factors

The Court also finds that the discretionary *Intel* factors support granting the Application in part.

#### 1. Participants in the Foreign Proceeding

The Supreme Court has explained that "when the person from whom discovery is sought is a participant in the foreign proceeding ... the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel Corp.*, 542 U.S. at 264.  But when the person from whom discovery is sought is not a participant, they may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Witnesses will not be a party to the Japanese legal proceeding and Applicant is seeking documents outside the jurisdiction of Japanese courts.  Dkt. # 1 at 6; Dkt. # 1-1 at 6.  The first *Intel* factor supports granting the application.

#### 2. Utility of Evidence Sought and Receptivity of Foreign Tribunal

The second Intel factor concerns "the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign court to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.  When considering these factors, courts "focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040 (N.D. Cal. Feb. 18, 2016).  "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery."  *In re: Ex Parte Application Varian Medical Sys. Int'l AG*, No. 16-mc-80048-MEJ,

2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (internal quotation marks omitted). The evidence sought regarding the names, contact information, and access logs associated with User accounts on Amazon and Amazon.com (i.e., requests 1, 2(a), and 3) is of the utmost utility because it will help identify the person who Applicant is seeking to bring suit against. Dkt. # 1 at 6. Additionally, the Court is unaware of any evidence that a Japanese court would reject this evidence obtained through the § 1782 order.[2]

But the Court is unclear, as Applicant does not explain, how documents showing "(b) the type of the payment method and the name of the company or financial institution associated with such payment method registered with each of ALL ACCOUNTS[;]" "4. ALL DOCUMENTS showing the number of the Infringing Book sold, including but not limited to KDP Report[;]" and "5. ALL DOCUMENTS showing the royalties earned by sales of the Infringing Book, including but not limited to KDP Report[,]" Dkt. # 1-2 at 8, 4 (requests 2(b), 4, or 5), would aid in the identification of the User. The second *Intel* factor supports granting the application as to requests 1, 2(a), and 3.

3.      Circumvention of Proof-Gathering Restrictions

For the third Intel factor, district courts should "consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. An applicant "seeks to circumvent foreign discovery restrictions when it seeks discovery that cannot be obtained because the foreign jurisdiction or tribunal prohibits the discovery of those documents." *HRC-*

---

[2] Applicant cites two cases for the proposition that "Japanese courts have been receptive to the discovery assistance made by the U.S. Courts." Dkt. # 1 at 6 (citing *Marubeni Am. Corp. v. LBA Y.K.*, 335 F. App'x 95 (2d Cir. 2009); *In re Ex Parte LG Elecs. Deutschland GMBH*, No. 12cv1197-LAB MDD, 2012 WL 1836283 (S.D. Cal. May 21, 2012)). The Court does read these cases to support that proposition.

ORDER GRANTING EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782 - 7

*Hainan Holding Co., LLC v. Yihan Hu*, No. 19-MC-80277-TSH, 2020 WL 906719, at *10 (N.D. Cal. Feb. 25, 2020). "Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted). Here, foreign counsel is unaware of any restrictions imposed by or any policies under Japanese law that would prohibit obtaining discovery through this application. Dkt. # 1-1 at 7. The Court sees no reason to doubt foreign counsel's representation on this point. *See, e.g.*, *In re Omori*, 2023 WL 5957172, at *2 (finding that, upon foreign counsel's representation of being unaware "of any restrictions on proof-gathering procedures or policies in Japan that would prohibit obtaining the discovery they seek through the application," the court found there was nothing suggesting Applicant was attempting to circumvent Japanese proof-gathering restrictions.). The third *Intel* factor supports granting the application.

    4.  Intrusiveness and Undue Burden of the Requests

Intel's fourth factor provides that "unduly intrusive or burdensome requests may be rejected or trimmed" at the district court's discretion. *Intel Corp.*, 542 U.S. at 265. Requests are unduly intrusive and burdensome if they are "not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d at 1043.

The proposed subpoenas are sufficiently tailored, in part, to avoid being unduly intrusive or burdensome. Requests 1, 2(a), and 3 are not unduly intrusive or burdensome. Dkt. # 1-2 at 8, 14. Applicant explains that the proposed subpoenas do not "seek disclosure of the content of any communications associated with the Witnesses' accounts subject to the proposed subpoenas." Dkt. # 1 at 7. Additionally, requests 1, 2(a), and 3 seek only names, telephone numbers, and

addresses of the person(s) whose payment method is linked to each of the Witnesses' accounts. Dkt. # 1 at 8. Applicant expressly excludes the discovery of "credit card numbers, bank account numbers, or any other sensitive information." *Id.* at 8; *see In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (discovery limited to the name and address of the person or entity associated with each account to determine identities of the account holders). As to Applicant's proposed request for the access log, foreign counsel adequately explains why such information is relevant and necessary to identify the User and pursue the suit in Japan. Dkt. # 1-1 at 3–6; *e.g.*, *In re Omori*, 2023 WL 5957172, at *4 (granting subpoena that requested "ALL access log [IP addresses, corresponding port numbers, corresponding dates and times, and corresponding destination IP addresses]" of an account.").

But as explained above, it is unclear how documents sought in requests 2(b), 4, and 5 are relevant to Applicant's asserted goal of identifying User. Dkt. # 1-2 at 8, 14. The declaration submitted with the Application has addressed the need for requests 1, 2(a), and 3, but does not address the relevance of documents sought in requests 2(b), 4, and 5. Therefore, the fourth *Intel* factor only supports granting the Application as to requests 1, 2(a), and 3.

All the *Intel* discretionary factors favor granting the Application as to requests 1, 2(a), and 3. Therefore, the Court exercises its discretion to GRANT in part the Application without prejudice to any motion to modify the subpoenas.

## IV

### CONCLUSION

For these reasons, the Court finds that the Application satisfies the statutory factors under 28 U.S.C. § 1782 and the discretionary *Intel* factors for requests 1, 2(a), and 3. The Application

is GRANTED in part.  Applicant may serve the proposed subpoenas—without requests 2(b), 4, and 5—on Witnesses.

Dated this 24th day of October, 2023.

*John H. Chun*
John H. Chun
United States District Judge